**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

LENARD MORRIS,

          Petitioner,

vs.

UNITED STATES OF AMERICA,

          Respondent.

No. C 08-4015-MWB
(No. CR 05-4085-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S 2255 MOTION**

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . 4

*II. PRELIMINARY MATTERS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . 6
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . 8
        *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2. Admission Of Evidence in Motion To Suppress Hearing* . . . . 11
        *3. Refusal To File Substantial Assistance Motion Racially
            Motivated* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        *4. Failure To Sentence Below Mandatory Minimum* . . . . . . . . 14
        *5. Ineffective Assistance of Attorney One* . . . . . . . . . . . . . . . 15
        *6. Ineffective Assistance Of Attorney Two* . . . . . . . . . . . . . . 19
        *7. Ineffective Assistance of Attorney Three* . . . . . . . . . . . . . . 23
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    *D. Motion For Discovery* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## I. INTRODUCTION

This case is before the court on petitioner Lenard Morris's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no.1), filed on February 20, 2008. Morris claims that the attorneys who represented him at the trial level and on appeal provided him with ineffective assistance of counsel in several ways. The respondent denies that Morris is entitled to any relief on his claims.

### A. The Petitioner's Criminal Proceedings

On July 12, 2005, Morris was charged by a three-count Indictment (Crim. docket no.1), with conspiracy to distribute 50 grams or more of cocaine base between about March 2005 and June 23, 2005; with possession with intent to distribute 50 grams or more of cocaine base on or about June 23, 2005; and with possession of a firearm in furtherance of and during and in relation to a drug trafficking crime, on or about June 23, 2005. *See,* Crim. docket no. 1. By Order (Crim. docket no. 7), of July 13, 2005, Attorney One was appointed to represent Morris. Morris appeared before United States Magistrate Judge Paul A. Zoss, (now Chief United States Magistrate Judge), on July 18, 2005, and pleaded not guilty to all counts. *See* Crim. docket no. 11. On August 29, 2005, Attorney One filed a Motion To Withdraw As Counsel, (Crim. docket no. 23), based on a disagreement with Morris regarding how to proceed in the case and on his impending move out of the State of Iowa. By Order (Crim. docket no. 24), of August 30, 2005, Judge Zoss granted the Motion to Withdraw As Counsel. Attorney Two was appointed on August 30, 2005, to represent Morris. *See* Crim. docket no. 25.

On September 12, 2005, Morris filed a *Pro Se* Motion To Suppress Evidence (Crim. docket no. 29). On September 12, 2005, by Order (Crim. docket no. 30), Judge Zoss denied Morris' *Pro Se* Motion To Suppress Evidence without prejudice subject to refiling through counsel. On October 7, 2005, through counsel, Morris filed a Motion To Suppress Evidence (Crim. docket no. 35). Judge Zoss presided over a hearing on Morris's Motion To Suppress Evidence on November, 16, 2005. *See* Crim. docket no. 52. On November 17, 2005, Judge Zoss filed a Report And Recommendation (Crim. docket no. 53) recommending that Morris's Motion To Suppress be denied. The undersigned entered an Order (Crim. docket no. 55) Accepting The Report And Recommendation denying Morris's Motion To Suppress Evidence, on December 6, 2005. Attorney Two filed a Motion To Withdraw As Attorney (Crim. docket no. 56), on December 9, 2005, on the basis that Morris had asked him to withdraw. After a hearing on Attorney Two's Motion to Withdraw, on December 13, 2005, Judge Zoss granted the Motion. *See* Crim. docket no. 58. Attorney Three was appointed to represent Morris on December 15, 2005. *See* Crim. docket no. 60.

On May 30, 2006, Morris pleaded guilty to Counts one, two and three of the Indictment. *See* Crim. docket no. 96. Judge Zoss entered his Report and Recommendation to Accept Guilty Plea, (Crim. docket no. 97), on May 30, 2006, recommending that Morris's guilty plea be accepted. By Order (Crim. docket no. 99), of June 19, 2006, the undersigned accepted Morris's guilty plea. Morris appeared on August 30, 2006, before the undersigned, for sentencing. *See* Crim. docket no. 108. Morris was sentenced to 157 months on Counts one and two, concurrently, and to 60 months on Count three, consecutively. *See* Crim. docket no. 108. In addition to the term of imprisonment, Morris was placed on supervised release for a period of 5 years on each Count of the Indictment, to be served concurrently. *See* Crim. docket no. 109.

On September 2, 2006, Morris filed a Notice Of Appeal (Crim. docket no. 112), to the Eighth Circuit Court of Appeals. On April 11, 2007, the Eighth Circuit Court of Appeals entered a Mandate and Judgment (Crim. docket no. 155) summarily affirming the judgment of the district court.

## B. The Petitioner's § 2255 Motion

On February 20, 2008, Morris filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). On February 25, 2009, Morris filed a *Pro Se* Supplement (Civ. docket no. 4) to his Motion. On July 30, 2009, Morris filed another *Pro Se* Supplement (Civ. docket no. 13), to his Motion. The respondent filed a Resistance (Civ. docket no. 14), on August 5, 2009. Morris filed a *Pro Se* Reply Brief (Civ. docket no. 17), on October 19, 2009. By Order (Civ. docket no. 18), dated November 23, 2009, the undersigned ordered rebriefing of the issues by respondent because previous briefing did not address all of the issues raised in various supplements filed by Morris. Respondent filed an additional Resistance (Civ. docket no. 21) on January 15, 2010. On January 19, 2010, respondent filed a Supplement to Resistance (Civ. docket no. 22).

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003),with citation and quotation marks omitted); *see* 28

U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Morris's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and, further, that Morris's allegations cannot be accepted as true because they are contradicted by the record.

Some of Morris's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. With the exception of Morris's claim that the district court erred by finding that disputed evidence was admissible, the court will assume, without deciding, that Morris can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial and appellate counsel. Therefore, the court will pass on to the merits of Morris's claims for § 2255 relief.

### III.  LEGAL ANALYSIS

#### A.  Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Morris's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate.  *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992).  On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Morris's claims for § 2255 relief.

### B. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir.

2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Morris is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d

933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Admission Of Evidence in Motion To Suppress Hearing*

Morris states as his first ground in his § 2255 Motion that, "The court[sic] abuse of discretion in stating defendant didn't have any grounds to challenge the conduct and matters between Sergeant Bluff Police and Shareef." (Motion at 4). Morris argues that he is "being held in violation of the 4th, 5th, and 14th Amendment[s] through the plain error of the courts abuse of discretion in the determination " of his Motion to Suppress Hearing. (Brief in Support of Motion, at 2). Morris argues that pursuant to Federal Rules Of Evidence 804(b)(3)&(4), statements made by a co-conspirator to police should have been suppressed because a statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fails to qualify as against interests. (Brief in Support of Motion at 2). Morris further argues that the court relied on perjured testimony from an officer stating that Morris had counsel present at a post-Miranda interview. (Brief in Support of Motion at 5).

The respondent asserts that this claim was waived by Morris when it was not asserted on appeal. (Resistance at 8). Further, respondent argues that Morris's procedural default cannot be overcome by a fundamental miscarriage of justice because such an exception is only available to a petitioner who demonstrates actual innocence. (Resistance at 9).

11

"[A] collateral challenge may not do service for an appeal." *United States v. Hernandez,* 436 F.3d 851, 855 (8th Cir. 2006) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). "A § 2255 motion is not a substitute for direct appeal; it is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson,* 997 F.2d 429, 431 (8th Cir. 1993) (citing *Davis v. United States,* 417 U.S. 333, 343 (1974).

If the error claimed by the defendant is jurisdictional, the error may be raised on collateral review without being subjected to procedural default analysis. *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002). The error alleged here, by Morris, is not jurisdictional. Further, a procedural default may be excused "if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Hohn v. United States,* 193 F.3d 921, 923 (8th Cir. 1999) (citing *Bously v. United States,* 523 U.S. 614 (1998)). Morris makes no claim that he is actually innocent. The actual innocence exception applies only when a petitioner shows by clear and convincing evidence that, but for an alleged constitutional error, no reasonable juror would have found the petitioner guilty. *Anderson v. United States,* 25 F.3d 704, 706 (8th cir. 1994) (citing to *Wallace v. Lockhart,* 12 F.3d 823, 827 (8th Cir. 1994)).

Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default. *Boysiewick v. Schiriro,* 179 F.3d 616, 619 (8th Cir. 1999). In order to overcome procedural default, Morris must demonstrate that the failure of appellate counsel to challenge the ruling on the Motion to Suppress on appeal was deficient and "that counsel's errors were so serious as to deprive him of a fair [proceeding]." *Becht v. United States,* 403 F.3d 541, 545 (8th Cir. 2005) (in turn quoting *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). To the extent that Morris makes no allegations of ineffective assistance in his initial motion regarding these claims, (his first grounds in his

motion), he has made no showing of cause and prejudice that would excuse his procedural default, and § 2255 relief is barred. *Premachandra v. United States,* 101 F.3d 68, 69 (8th Cir. 1996); *see also, Reid v. United States,* 976 F.2d 446, 448 (8th Cir. 1992), *cert. denied,* 507 U.S. 945 (1993), applying *United States v. Frady,* 456 U.S. 152, 168 (1982).

### 3.    *Refusal To File Substantial Assistance Motion Racially Motivated*

Morris asserts that the governments refusal to file a Motion for Substantial Assistance on his behalf was racially motivated and vindictive. (Supp. Brief in Support Of Motion at 2). The government did make a motion for substantial assistance with regards to Count One and Count Two, the drug counts, but did not do so with regard to Count Three, the weapon charge. (Sent. Trans. at 3). In support of his claim, Morris points to the fact that a white defendant in another similar case, with the same charges, was granted a Motion for Substantial Assistance, while he was not. (Supp. Brief in Support of Motion at 2).

Respondent argues that Morris does not cite anything in the record of this case suggesting that the government's decision to refrain from filing a substantial assistance motion in Count Three, was racially motivated, therefore Morris, the respondent further asserts, does not meet the required "substantial threshold showing" required to establish that the government's decision was racially motivated. (Supp. to Resistance at 10).

Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. *Wade v. U.S.*, 504 U.S. 181, 185 (1992); see also *United States v. Davis,* 583 F.3d 1081, 1098 (8th Cir. 2009). A defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, for example, because of the defendant's race or religion. *Wade* at 186. A refusal may also be unconstitutional if it is irrational. *United States v. Holbdy,* 489 F.3d 910, 913 (8th Cir. 2007) (citing *United States v. Wolf,* 270 F.3d 1188, 1190 (8th Cir. 1001); in turn citing *Wade* at 186. There is

an intra-circuit split whether bad faith is an additional basis for compelling a motion for downward departure based on substantial assistance. *United States v. Perez,* 526 F.3d 1135, 1138 (8th Cir. 2008). Regardless of whether a defendant's challenge is based on racial motive, irrationality, or bad faith, a defendant's claim warrants relief "only if he makes a substantial threshold showing that the government's refusal to make a substantial assistance motion was premised on an improper motive." *Holdby,* 489 F.3d at 913. The threshold showing is required because we 'presume a prosecutor has properly discharged [his] duties absent clear evidence to the contrary.' *United States v. Perez,* 526 F.3d 1135, 1138 (8th Cir. 2008) (quoting *United States v. Mullins,* 399 F.3d 888, 889 (8th Cir. 2005); in turn quoting *United States v. Pamperin,* 456 F.3d 822, 825 (8th Cir. 2006)). However, a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing; nor would additional but generalized allegations of improper motive. *See Perez,* 526 F2d. at 1138.

Morris makes essentially bare assertions that he provided substantial assistance and that the government failed to file a motion on his behalf because of his race. These bare assertions are insufficient to trigger the need for an evidentiary hearing. *See*, *Holdby,* 489 F.3d at 913. However, Morris points to nothing to support the existence of this alleged animus other than an allegation that a different defendant who was a white female, in a different, but similar case, received a reduction in her sentence for providing substantial assistance. Morris's assertions are not sufficient to trigger the need for an evidentiary hearing in this case, therefore, this claim must fail.

### 4.      Failure To Sentence Below Mandatory Minimum

Morris alleges that the court committed plain error at sentencing "when it oppose [sic] not to sentence below a level established by statutes as a minimum sentence." (Supp. Brief in Support of Motion, at 2). Morris claims that "the District Court was not aware of its

14

authority to sentence him to less than the five year minimum required for the firearm charge." The respondent does not appear to address this claim.

Morris appears to argue that the District Court had discretion to sentence him below the mandatory minimum on the firearm charge on the basis of the government's filing of a motion for substantial assistance pursuant to 5K.1.1 on his drug charges. "Without a government motion, the district court is without authority to impose a sentence below a statutory mandatory minimum sentence." *Perez,* 526 F.3d at 1138. In this case, the court simply had no authority to sentence Morris below the mandatory minimum sentence on the firearm charge because the government made no motion for a substantial assistance reduction as to that charge, and as discussed above, Morris has not demonstrated that the court had any basis upon which to compel the government to make such a motion. Therefore, Morris's claim on this ground, must fail.

### 5. *Ineffective Assistance of Attorney One*

Morris argues that the first attorney who represented him ("Attorney One") provided ineffective assistance by allowing the officers and the government "to interfer[e] in the decision about how to conduct the defense of client." (Motion at 5). Morris further claims that there was a conflict of interest between Attorney One's professional life and his personal life, which interfered with his ability to reasonably defend Morris. (Motion at 5). Specifically, Morris argues that Attorney One was not present during Morris's post-*Miranda* interview, that Attorney One let Morris cooperate with the government, and that Attorney One was distracted by a pending move out of state. (Motion at 6).

The respondent argues that Morris's claim that Attorney One provided ineffective assistance of counsel by allowing Morris to cooperate with the government fails because Morris fails to allege that he was prejudiced. (Resistance at 16). Respondent further asserts that the record demonstrates that Attorney One was present for Morris's post-Miranda

15

interview, so that there is no merit to this claim. (Resistance at 17). The respondent then construes Morris's claim that there was a conflict of interest between Attorney One's professional life and personal life as a claim that Attorney One provided ineffective assistance of counsel by not agreeing to file a Motion To Suppress Evidence. (Resistance at 18). Respondent argues that an attorney does not provide ineffective assistance of counsel by refusing to file a motion that appeared to be frivolous or useless. (Resistance at 18). Respondent additionally argues that, as with Morris's other claims relating to Attorney One's performance, Morris cannot demonstrate any prejudice that arose from Attorney One's decision not to file a Motion to Suppress Evidence because Attorney Two did file a Motion to Suppress which the court denied. (Resistance 18-19).

The record demonstrates that Attorney One was present during Morris's post-*Miranda* interview. (Supp. Hrg. Trans. at 16-21). Although Morris alleges that both the officer who testified to the presence of Attorney One at the post-*Miranda* interview and the United States Attorney who made a professional statement to the court that Attorney One was present for Morris's post-*Miranda* interview prior to Morris's active co-operation with the government committed perjury, there is simply no credible evidence that this allegation is supportable. Further, Attorney One, via affidavit states that he did fully discuss, with Morris, post-*Miranda* and prior to active co-operation with officials, the consequences and benefits of proceeding with co-operation, including the risk that Morris may receive little or no benefit from such co-operation. (Resistance, Ex. 2 at 4-6). Based on this advice Morris made a reasonable decision to proceed with co-operation with the authorities, knowing that there was no guarantee that the government would file a motion for a substantial assistance reduction.

Morris alleges that Attorney One's performance was deficient because he had a conflict of interest with him. Although it is not clear, the alleged conflict of interest appears to be generally that Attorney One was not actively defending Morris, and more specifically

that he did not file a Motion to Suppress Evidence on his behalf. By affidavit, Attorney One indicates that he advised Morris that he did not want to file a Motion To Suppress after Morris had already provided co-operation because he felt that filing such a motion with little or no merit would have an adverse affect on the strategy of co-operation that they had previously agreed to pursue in the case. (Resistance, Ex. 2 at 5).

If there is no merit to a claim, failure to raise it does not result in ineffective assistance under *Strickland*. *See Garrett v. United States,* 78 F.3d 1296, 1304 (8th Cir. 1996) (appellate counsel not ineffective for failing to raise merit-less claim on appeal). Here, the record does not demonstrate categorically that Attorney One felt that there was no merit to the Motion to Suppress, only that he would advise against it under the circumstances and felt that it would not be an appropriate case in which to file such a Motion. (Resistance, Ex. 2 at 5). Even if this court could determine that Attorney One's advice not to file a Motion To Suppress Evidence was deficient, and it does not, on this record, Morris cannot demonstrate that he was in any way prejudiced by Attorney One's advice. When it became clear that Morris disagreed with the advice not to file a Motion To Suppress Evidence, Attorney One filed a Motion to Withdraw (Crim. docket no. 23) from representation of Morris on the grounds that there was a disagreement "on the approach to take in this case with regard to either pursuing a plea agreement or proceeding to trial." Attorney One's Motion to Withdraw was granted by Order (Crim. docket no. 24) of August 30, 2005. On this same date, Attorney Two was appointed to appear on behalf of Morris. See Docket no. 25. On October 7, 2005, Attorney Two filed a Motion to Suppress (Crim. docket no. 35), raising the evidentiary issues that had been of concern to Morris. Morris's Motion to Suppress Evidence was denied by Order (Crim. docket no. 55) of December 6, 2005. Since Attorney Two filed the Motion to Suppress that Morris complains Attorney One was ineffective for not filing, Morris has not demonstrated how Attorney One's failure to file

such a motion prejudiced him in any way. He has not alleged that there was anything that Attorney One would have been expected to do differently with the Motion to Suppress that would have either changed the outcome of the ruling on the Motion to Suppress or would have convinced Morris not to plead guilty. The record demonstrates that when Morris did plead guilty, he made it clear to the court that he was not in any way waiving his right to appeal the ruling on the Motion to Suppress. (Plea Hrg. Trans. at 16).

Even if counsel's performance was "deficient," and this court does not determine that it was, Morris must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). In the context of a guilty plea, Morris must show that "there is a reasonable probability that, but for Attorney One's errors, he would not have pleaded guilty or co-operated with authorities, and would have insisted on going to trial." *United States v. Nesgoda,* 559 F.3d. 867, 870 (8th Cir. 2009) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *see also Matthews v. United States,* 114 F.3d 112, 113 (8th Cir. 1997) (also quoting *Hill)*. Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). Because Morris has not established

or even alleged that he would not have pleaded guilty or co-operated with authorities and would have insisted on going to trial, he has failed to establish prejudice with regard to any of his claims of the ineffective assistance of Attorney One, his claim must fail.

### 6. *Ineffective Assistance Of Attorney Two*

Morris alleges that Attorney Two provided ineffective assistance of counsel by failing to determine that there were grounds to challenge the ruling of the court on his Motion to Suppress; that Attorney Two failed to challenge the court's determination that the other defendant's information was trustworthy; and that Attorney Two failed to challenge the allegedly perjured testimony from Officer Jensen and prosecutor Lammers; that Attorney Two failed to raise racial/drug courier profiling as an issue. (Motion at 7). Morris further alleges that Attorney Two coerced him into pleading guilty and that Attorney Two did not investigate the law for the facts necessary to present a sufficient argument at the hearing on the Motion to Suppress. (2nd Supplement to Motion at 2).

The respondent argues that there were no grounds to challenge the court's ruling on the Motion to Suppress. (Resistance at 20). The respondent further argues that the information provided by Shareef, a codefendant, was corroborated by officers and was therefore sufficiently reliable, leaving no grounds for objection by Attorney Two. (Resistance at 21). The respondent asserts that Morris offers no evidence to support his allegation that Officer Jensen or the prosecutor committed perjury. (Resistance at 22). Respondent claims that there were no grounds to assert that the officers engaged in racial profiling, but instead claims that, under the totality of the circumstances, the officers had probable cause for the search. (Resistance at 22-23). With regard to Morris's allegation that Attorney Two coerced him to plead guilty, respondent points to Morris's statements during the plea hearing confirming that his plea of guilty was entered into voluntarily. (Resistance at 23).

On October 7, 2005, through counsel, Morris filed a Motion to Suppress Evidence, arguing that there had been no probable cause for a traffic stop or arrest of Morris. (Docket no. 35 at 1). Morris further claimed, in this Motion to Suppress, that the warrant-less search that was performed on the vehicle that Morris had been driving violated his Constitutional rights. (Crim. docket no. 35 at 2). Prior to the traffic stop of Morris, an individual who was later indicted as a co-defendant, Shareef, provided law enforcement officers with information indicating that Morris was involved with drug activity. (Crim. docket no. 35 at 2-3). Morris argues that the only information of illegal activity possessed by the officers at the time of his arrest and subsequent warrant-less search of his vehicle was the information provided to the officers by the co-defendant at the time of his arrest and that this information was too untrustworthy to provide probable cause for Morris's arrest or the search of the vehicle he was driving. (Crim. docket no. 35, at 2).

In a Report and Recommendation (Crim. docket no. 53 at 5 ), dated November 17, 2005, the court concluded that Morris had presented no evidence of racial profiling. The court further determined that the many statements made by the co-defendant to officers regarding Morris's involvement in drug activity on the dates in question, had been corroborated by officers prior to the officer's determination to arrest Morris. (Crim. docket no. 53 at 6). The court further determined that the corroborated facts, together with the suspicious behavior of Morris and the training and experience of the officers, established probable cause to stop and arrest Morris and to search the trunk of the vehicle he was driving. (Crim. docket no.53 at 6-7). On December 6, 2005, the undersigned entered an Order (Crim. docket no.55), accepting the findings and conclusions of the Report and Recommendation and denying Morris's Motion to Suppress Evidence. Morris claims that Attorney Two was ineffective for failing to file objections to the Report and Recommendation. Attorney Two states that the hearing on the Motion To Suppress

Evidence and the subsequent ruling made it evident that there "was a mountain of facts supporting a finding that probable cause was present which allowed the traffic stop and subsequent search to take place." (Resistance, Ex. 3 at 2). At no point does Morris provide any basis for objecting to the findings or conclusions of the Report and Recommendation. He offers no evidence that would establish that the statements made by the co-defendant were in any way unreliable or untrustworthy.

Further, if Morris's claim is that Attorney Two provided ineffective assistance of counsel by failing to raise racial profiling as an issue, this issue was addressed and rejected by the court. *See* Crim. docket no. 53 at 5-8. There was simply no evidence of any racial profiling other than the fact of the racial status of Morris and there was ample evidence of probable cause unrelated to Morris's racial status. Morris has not offered any further evidence, not previously considered by the court, that would change this outcome.

As stated above, although Morris claims that the officer and the prosecutor perjured themselves when testifying that he had counsel during a post-*Miranda* interview, there is simply no evidence to support this accusation.

Morris also alleges that Attorney Two failed to investigate or prepare for the hearing on the Motion to Suppress. However, it is clear from general and thorough cross-examination, that Attorney Two reviewed and was familiar with, the discovery file prior to the hearing. (Hrg. Trans. at 29). Further, Morris does not indicate what further evidence would have been found had Attorney Two engaged in more extensive investigation, or how such additional evidence would have refuted the evidence presented at the hearing. Morris has not shown how any further investigation would have changed the outcome of the hearing on the Motion to Suppress Evidence. "Counsel [is] not ineffective for failing to investigate witness's testimony in light of substantial evidence against defendant." *Chandler v. Armontrout,* 940 F.2d 363, 365-66 (8th Cir. 1991). Here there was substantial evidence of

probable cause and no probability that any further evidence would have altered that finding. Therefore, Attorney Two did not provide ineffective assistance by failing to engage in further investigation.

With respect to Morris's claims that Attorney Two provided ineffective assistance of counsel by failing to object to the ruling on the Motion to Suppress, by failing to challenge the testimony of the officer and the prosecutor as perjury, by failing to raise the issue of drug courier/racial profiling, and by failing to engage in adequate investigation regarding the Motion to Suppress Evidence, Morris has not established that he was prejudiced by any of these alleged actions, even if Attorney Two's performance was deficient, and this court does not so find. For these reasons, Morris's claim on these grounds, fails.

Morris additionally claims that he was coerced by Attorney Two into pleading guilty. The basis for this claim appears to be statements in letters from Attorney Two to Morris. The first statement that Morris claims was coercive was a statement that the prosecutor "explained to [Attorney Two] he would be able to work something out with your probation violation in Texas and the time that you would have to serve if you lost on this case." (Supplement to Motion at 2). The second statement that Morris claims is coercive is a statement that "it appears that any chance that you might have to win a trial would be for the United States Attorney to commit some unbelievably costly blunder on his part in order to get your case thrown out." (Supplement to Motion at 7).

"[S]olemn declarations in open court carry a strong presumption of verity." *United States v. Fitzhugh,* 78 F.3d 1326, 1329 (8th Cir. 1996). "[S]elf-serving, post-plea claims that [a defendant] was…unable to voluntarily choose to plead guilty fly directly in the face of his own plea hearing testimony before the district court." *See United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008) (defendant stated that he was satisfied with counsel and that he had not been threatened or coerced into pleading guilty). A defendant does not

establish that his plea was involuntary by arguing that "because he was under pressure to accept the plea agreement or be forced to go to trial and face severe consequences, his plea was involuntary." *United States v. Kling*, 516 F.3d 702, 714 (8th Cir. 2008).

The record in this case demonstrates that at his plea hearing, Morris indicated that he was satisfied with his counsel (at this time, Morris was represented by Attorney Three), understood the consequences of pleading guilty and that he had not been threatened or coerced into pleading guilty. (Plea Hrg. Trans. at 5, 43-44). At most, the advice of Attorney Two placed Morris in a position in which he was under pressure to accept the plea agreement or be forced to go to trial and face severe consequences. Morris has not demonstrated, on this record, that he was coerced into pleading guilty.

### 7.    *Ineffective Assistance of Attorney Three*

Morris asserts that the third attorney who represented him ("Attorney Three") provided him with ineffective assistance of counsel on appeal, by failing to communicate regarding his appeal rights, and by providing misleading advice regarding the benefits of a §2255 Motion. (Motion at 8). Morris also claims that Attorney Three provided ineffective assistance of counsel, as trial counsel, by failing to object to the PSIR and by providing misleading advice regarding the length of his potential sentence if he pleaded guilty. (Motion at 8). Morris also alleges that Attorney Three provided ineffective assistance by failing to file an appeal when he had been instructed to do so. (Supplement to Motion at 16).

Respondent argues that Attorney Three did file a Notice of Appeal on behalf of Morris on September 2, 2006, in order to address the crack cocaine/powder sentencing disparities. Respondent further asserts that Attorney Three was not obligated to raise other claims requested by Morris, on appeal, because Attorney Three's decision not to do so was an exercise of sound appellate strategy. (Resistance at 27). Respondent argues, in the alternative, that if Morris's claim is construed as a claim that Attorney Three was ineffective

for failing to petition for *certiorari*, it must fail because the due process clause only guarantees a criminal defendant a constitutional right to counsel for the first appeal, citing *Steele*, 518 F.3d at 988. (Resistance at 29).

Morris claims that Attorney Three failed to communicate with him regarding his appeal rights. (Motion at 12). As further explanation, Morris states that "[t]he fact that after appeal was denied and counsel still never communicated with client or advised client of his right to petition for a writ denied client his right to appointed counsel." (Brief in Support of Motion at 13). In support of his position that Attorney Three's failure to advise him that the Eighth Circuit had ruled on his appeal denied him the ability to file a Writ of *Certiorari*, Morris has attached a letter from the institution in which he was incarcerated, informing him that he had received one piece of legal mail during the relevant period. (Brief in Support of Motion, Ex. 2).

This court construes Morris's claim to be a claim that Attorney Three failed to properly advise him regarding the time for filing a writ of *certiorari*. The time for filing a writ of *certiorari* in the U.S. Supreme Court is 90 days after entry of the judgment. Sup. Ct. R. 13.1 . " If the Supreme Court lacks jurisdiction to review [a] direct appeal, then the statute of limitations begins to run immediately following the conclusion of the prisoner's direct appeal." *Parmley v. Norris,* 586 F.3d 1066, 1069 (8th Cir. 2009)(citing *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008). Issuance of the mandate formally marks the end of appellate jurisdiction. *Carlson v. Hyundai Motor Co.,* 222 F.3d 1044, 1045 (8th Cir. 2000) (citing *United States v. Spector,* 888 F.2d 483, 584 (8th Cir. 1989)). The Eighth Circuit Court of Appeals has implemented an Amendment to Part V of its Plan To Implement the Criminal Justice Act of 1964. *See United States v. James,* 268 Fed. Appx. 484 (8th Cir. 2008). Pursuant to the Plan, the representation of counsel on appeal, where the appeal has been unsuccessful, shall extend to advising the defendant of the right to file

a petition for a writ of *certiorari* in the Supreme Court of the United States, and to informing the defendant of counsel's opinion as to the merit and likelihood of the success thereof. If counsel declines to file a petition for a writ of *certiorari* requested by the defendant based upon counsel's determination that there is no reasonable likelihood it will be granted, counsel shall so inform the Court and shall file a written motion to withdraw, accompanied by counsel's certification that a copy of the motion was furnished to the defendant. If the motion to withdraw is granted, counsel shall promptly advise the defendant of the procedures for filing a petition for writ of *certiorari pro se*, following which counsel's representation of the defendant shall terminate. *Id.*

However, due process does not guarantee a constitutional right to counsel for a litigant seeking to file a *certiorari* petition in the United States Supreme Court. *Steele v. U.S.*, 518 F.3d 986, 988 (8th Cir. 2008) (citing *Ross v. Moffitt,* 417 U.S. 600, 610-611 (1974)). "In the absence of a constitutional right to the effective assistance of counsel [a defendant's] claim for ineffective assistance cannot succeed." *Id.* This is so even though the United States Court of Appeals for the Eighth Circuit's plan to implement the Criminal Justice Act creates procedures for attorneys to follow when giving advice about filing a writ of *certiorari*. *Id.*

Even if Attorney Three performed deficiently with regard to advising Morris about his rights with regard to filing a writ of *certiorari*, Morris would still have to establish that he suffered prejudice from his attorney's failure to file a petition in order to establish a claim for ineffective assistance. *Id.* at 988 (citing *Strickland v. Washington,* 466 U.S. 668, 691 (1984)). Morris would have to show not only that he would have succeeded in obtaining a writ of *certiorari* if one had been filed, but also a reasonable probability that he would have obtained relief as to his sentence. *Id.* at 989 (citing *Strickland, at 694*).

Attorney Three states that while he does not recall discussing Morris's right to file a writ of *certiorari*, he does recall making a determination that any appeal to the United States Supreme Court would have been frivolous. (Resistance, Ex. 4 at 2). Morris offers no argument in support of his position that a writ of *certiorari* would have been granted or that he would have been successful on further appeal. Morris has not shown that he was prejudiced by any failure of Attorney Three to discuss his rights to file a writ of *certiorari* with him following the entry of the judgment in this case; therefore, his claim of ineffective assistance of appellate counsel, on this ground, must fail.

Morris also claims that Attorney Three provided ineffective assistance of counsel, as appellate counsel, by failing to properly advise him with regard to the merits and benefits of a §2255 Motion. (Motion at 8). Morris asserts that advice that he could file a §2255 Motion if he felt that his constitutional rights had been violated and advice that the court will appoint a new attorney, was misleading. (Brief in Support of Motion, at 14).

Respondent asserts that Morris simply misunderstood the advice that was given by Attorney Three with regard to a § 2255 Motion. (Resistance at 21). Attorney Three, via affidavit, states that he did provide Morris with information regarding the possible filing of a § 2255 Motion while the appeal was still pending, only so that Morris would be prepared to file such a Motion when and if the time was appropriate. (Resistance at 21). Respondent argues that while Attorney Three did tell Morris that he would have a right to have new counsel appointed to him for purposes of pursuing a § 2255 Motion, this advice was not completely erroneous since it is within a court's discretion to appoint counsel and because Morris was not in any way prejudiced by this advice. ( Resistance at 22).

To prove ineffective assistance of appellate counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. *Williams v. Kemna,* 311 F.3d 895, 897 (8th

Cir. 2002). With regard to his claims regarding the advice of Attorney Three with respect to a § 2255 Motion, Morris has not even alleged prejudice, nor can he establish any. Morris was able to file his § 2255 Motion, supplementing his claim three times, and including any and all claims he felt were viable. Further, he has not indicated how having an attorney represent him would have in any way changed the preparation or filing of his §2255 Motion. Because Morris cannot establish that he was prejudiced by Attorney Three's advice, his claim, on this ground, must fail.

Morris argues that, as trial counsel, Attorney Three, performed deficiently, by failing to object to the PSIR in his case. (Brief in Support of Motion at 13-14). Morris claims that Attorney Three "failed to research, object, and challenge the Criminal History, and the Base Offense Level of the PSIR before client signed the Plea Agreement." (Brief in Support of Motion, at 13-14). Morris asserts that Attorney Three should have objected to paragraphs 44 (placing him in a category III based on 6 criminal history points), and 43 (giving him 2 points for U.S.S.G. 4A1.1(d) and one point for U.S.S.G. 4A1.2(c)(1)), of the PSIRR. Morris argues that "charges in 8-15-95, and sentence in 2-8-96" were not within the applicable time period for previous crimes to be included in criminal history. (Brief in Support of Motion at 14). Morris argues that Attorney Three provided ineffective assistance by waiting until after Morris had pleaded guilty to object to the base offense level in the PSIRR. (Brief in Support of Motion, at 14).

Respondent argues that challenges to a PSIRR are appropriate at sentencing and that Attorney Three objected to the PSIRR during Morris's sentencing hearing. (Resistance at 21). Respondent further asserts that, because Morris's offense in this instance commenced as early as June 23, 2005, the complained of convictions fall within the relevant time period for prior convictions to count toward criminal history. (Resistance at 21).

Any prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted pursuant to U.S.S.G. § 4A1.2(e)(1)&(2). Paragraph 39 of Morris's PSIRR allocates 1 criminal history point for a conviction of Aggravated Assault with a Deadly Weapon, with a sentence of 10 years probation imposed on February 8, 1996. Paragraph 14 of the PSIRR indicates that on June 23, 2005, following surveillance and a search incident to a traffic stop, evidence of the current offense was discovered and Morris was arrested. Morris's prior sentence was imposed within ten years of the commencement of the instant offense and, therefore, was properly allocated one criminal history point. Because Morris cannot establish that his criminal history points were miscalculated, he cannot establish prejudice and, therefore, his claim of ineffective assistance of counsel, on these grounds, will fail.

Further, Morris alleges that Attorney Three provided ineffective assistance of counsel on appeal, by failing to raise the issue of racial animus for failing to file a motion for a substantial assistance reduction on Count 3.

Morris cannot argue that Attorney Three failed to file an appeal after being instructed to do so, because Attorney Three did file an appeal on behalf of Morris to address the crack/powder cocaine sentencing disparity. For strategic reasons, Attorney Three did not raise the issue of the government's alleged racial motivation for not filing a motion for substantial assistance on the gun charge. (Resistance at 27-28).

While a defendant does have a limited due process right to counsel on the first appeal, this right does not impose a duty on the attorney to "advance every argument, regardless of merit, urged by the defendant." *Evitts v. Lucey*, 496 U.S. 387, 392 (1985) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). The deficient performance standard at this stage is rigorous. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown*, 528 F.3d 1030, 1032

(8th Cir. 2008) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).  Absent contrary evidence, the court "assumes that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Id*. at 1033 (citing *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)).

Morris raises no evidence to support his argument that Attorney Three's decision not to challenge the government's failure to file a motion for substantial assistance because it was racially motivated was anything other than sound appellate strategy.  The issue had been raised in the district court and the district court made it clear that there was insufficient evidence to establish any kind of racial motivation.  Morris does not explain how evidence other than that already deemed to be weak, would support his argument.  Morris has not established that Attorney Three was deficient for failing to raise this issue on appeal.

## C.  Certificate Of Appealability

Denial of Morris's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).  To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000);

*Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Morris has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Morris's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Morris does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).


### D.  Motion For Discovery

On July 22, 2010, Morris filed Motion For Discovery (Civ. docket no. 23). Morris claims that the discovery is necessary to prove that a statement made by Officer Jensen under oath was false and that Attorney Two made inconsistent statements regarding his representation. This court finds that there are no sufficient inconsistencies in statements that would be dispositive of any claim herein and therefore denies Morris's Motion For Discovery in its entirety.

### IV. CONCLUSION

Upon the foregoing, Morris's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1), as subsequently amended, and his Motion For Discovery (docket no. 23) are both **denied in their entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 18th day of August, 2010.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA